UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SPOT FREIGHT, INC., | ) |
| | ) Case No.: 1:23-cv-01760-TWP-MKK |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WANLE SERVICES LLC; | ) |
| CONTINENTAL CASUALTY | ) |
| COMPANY; SUFKA TRUCKING | ) |
| LLC; and SOMPO | ) |
| INTERNATIONAL, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff, Spot Freight, Inc. ("Spot"), by counsel, and for its Amended Complaint against Defendants, Wanle Services LLC ("Wanle"); Continental Casualty Company ("Continental"); Sufka Trucking LLC ("Sufka") and Sompo International ("Sompo"), states as follows:

**I.**

**ALLEGED FACTS COMMON TO ALL COUNTS**

1. Spot is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

2. Spot is a regulated freight broker authorized by the Federal Highway Administration and the Federal Motor Carrier Safety Administration ("FMCSA") to arrange for the transportation of property by authorized motor carriers.

3. Upon information and belief, Wanle is a Texas limited liability company with its principal place of business at 12225 Greenville Ave., Suite 747, Dallas, Texas 75243. It has designated Pamela Warner at 306 E. Columbia St., Attica, Indiana 47918, as its registered agent for service of process in Indiana.

4. Upon information and belief, Wanle was a regulated for-hire motor carrier previously authorized by the Federal Highway Administration and the Federal Motor Carrier Safety Administration ("FMCSA"), to transport property in interstate commerce pursuant to USDOT number 2794561 and MC number 932598.

5. Upon information and belief, Continental is an insurance company domiciled in Pennsylvania. It has designated CT Corporation Systems, 334 N. Senate Ave., Indianapolis, Indiana 46204, as its registered agent for service of process in Indiana.

6. Upon information and belief, Continental holds a cargo insurance policy for Wanle and it is named in this lawsuit to be put on notice of the claims asserted herein and to answer as to whether there is coverage for the claim alleged.

7. Upon information and belief, Sufka is a Texas limited liability company with its principal place of business at 13001 Cornell Drive, Suite 269, Dallas, Texas 75240. It has designated Pamela Warner at 306 E. Columbia St., Attica, Indiana 47918, as its registered agent for service of process in Indiana.

8. Upon information and belief, Sufka is a regulated for-hire motor carrier authorized by the Federal Highway Administration and the Federal Motor Carrier Safety Administration ("FMCSA"), to transport property in interstate commerce pursuant to USDOT number 3235663 and MC number 1015341.

9. Upon information and belief, Sompo is an insurance company domiciled in New York. It has designated Corporation Service Company, 135 N. Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204, as its registered agent for service of process in Indiana.

10. Upon information and belief, Sompo holds a cargo insurance policy for Sufka and it is named in this lawsuit to be put on notice of the claims asserted herein and to answer as to whether there is coverage for the claim alleged.

## II.

## **BREACH OF CONTRACT**
(Against Wanle Services LLC and Sufka Trucking LLC)

11. Spot incorporates Paragraphs 1 – 10 of the Complaint as if fully set forth herein.

12. On March 25, 2019, Spot and Wanle entered into a Broker Carrier Agreement ("Contract") covering Wanle's transportation of freight tendered to it by Spot. A true and accurate copy of the Contract is attached hereto as <u>Exhibit A</u>.

13. On February 1, 2021, Spot and Sufka entered into a Broker Carrier Agreement ("Agreement") covering, among other things, Sufka's transportation of freight tendered to it by Spot. A true and accurate copy of the Agreement is attached hereto as <u>Exhibit B</u>.

14. In February of 2023, in its capacity as a registered domestic property broker, Spot arranged for Sufka to transport a shipment of food products ("Shipment") from Preferred Freezer Services, Inc. ("Consignor") in Chicago, Illinois, to Sysco Food Service Corporation ("Consignee") in Lewisville, Texas.

15. Sufka, without brokerage authority, and in violation of its contractual agreement with Spot, tendered the Shipment to Wanle for transportation.

16. While Wanle was transporting the Shipment there was a fire, and the Shipment was destroyed, resulting in a principal loss of $156,952.98 ("Loss").

17. Spot and Sufka agreed that Sufka would safely transport the Shipment to the Consignee.

18. Sufka agreed that all freight tendered to it by Spot would be transported only by Sufka and that Sufka would not sub-contract, broker, or in any other form arrange for the freight to be transported by a third party. Agreement, ¶15. See attached Exhibit B.

19. Sufka also agreed to be liable for the full actual value of all loss, damage, and destruction of cargo, in addition to any other costs, reasonable attorney fees, and fees imposed upon Spot by the cargo claimant. Agreement, ¶9. See attached Exhibit B.

20. Sufka further agreed to defend, indemnify, and hold Spot harmless from all loss, liability, damage, claim, fine, cost, or expense arising from, or related to the performance of services (including breach thereof). Agreement, ¶ 7. See attached Exhibit B.

21. Sufka failed to transport the Shipment as agreed, and re-brokered the Shipment in violation of its contractual obligations, and in doing so, has damaged the Shipment.

22. Under the Contract, Sufka is liable for the Loss, and it is required to indemnify Spot for any claims related to cargo loss. See attached Exhibit B.

23. Despite demand, Sufka has not paid Spot for the Shipment.

24. Due to the action or inaction of Sufka, which constitutes a breach of its Agreement with Spot, Spot has been damaged in the principal amount of $156,952.98.

25. Spot has satisfied all its obligations under the Contract.

26. Wanle agreed to transport the Shipment to the Consignee.

27. Wanle agreed to be liable for the full actual value of all loss, damage, and destruction of cargo, in addition to any other costs, reasonable attorney fees, and fees imposed upon Spot by the cargo claimant for cargo in its possession. Contract, ¶9. See attached Exhibit A.

28. Wanle further agreed to defend, indemnify, and hold Spot harmless from all loss, liability, damage, claim, fine, cost, or expense arising from, or related to the performance of services (including breach thereof). Contract, ¶ 7. See attached Exhibit A.

29. Wanle failed to safely transport the Shipment to the Consignee resulting in damage to Spot in the principal amount of $156,952.98.

30. Under the Contract, Wanle is liable for the Loss, and it is required to indemnify Spot for any claims related to cargo loss. See attached <u>Exhibit A.</u>

31. Despite demand, Wanle has not paid Spot for the Shipment.

32. Due to the action or inaction of Wanle, which constitutes a breach of its Contract with Spot, Spot has been damaged in the principal amount of $156,952.98.

33. Spot has satisfied all its obligations under the Contract.

WHEREFORE, Plaintiff, Spot Freight, Inc., by counsel, demands judgment against Defendants Wanle Services LLC and Sufka Trucking LLC, jointly and severally, in the principal sum of $156,952.98, together with pre-judgment interest, post-judgment interest at the rate of 8%, attorney fees, costs, and all other just and appropriate relief.

### III.

### **CARMACK AMENDMENT LIABILITY**
(Against Wanle Services LLC and Sufka Trucking LLC)

34. Spot incorporates Paragraphs 1 – 33 of the Complaint as if fully set forth herein.

35. In addition to its breach of contract claim, and as an alternate cause of action, Spot alleges it is equitably subrogated to or otherwise permitted to assert the rights of the Consignor and/or Consignee against Wanle and Sufka, the motor carriers, in the context of a Carmack Amendment claim under 49 USC 14706.

36. The Shipment was tendered to Sufka for transportation in interstate commerce.

37. Sufka tendered the Shipment to Wanle for transportation in interstate commerce.

38. The Shipment was in good condition at origin, and rendered valueless due to its destruction during transport.

39. The Shipment was damaged while transported in interstate commerce.

40. The principal amount of the damages was at least $156,952.98.

41. Due to the action or inaction of the motor carriers, Wanle and Sufka, Spot has been damaged in the principal sum of $156,952.98.

WHEREFORE, Plaintiff, Spot Freight, Inc., by counsel, demands judgment against Defendants, Wanle Services LLC and Sufka Trucking LLC, jointly and severally, in the principal sum of $156,952.98, together with pre-judgment interest, post-judgment interest at the rate of 8%, costs and all other just and appropriate relief.

### IV.

### **MAP-21 LIABILITY**
(Against Wanle Services LLC and Sufka Trucking LLC)

42. Spot incorporates Paragraphs 1-41 of the Complaint as if fully set forth herein.

43. In addition to its breach of contract and Carmack Amendment claim, and as an alternate cause of action, Spot alleges Wanle and Sufka have violated MAP-21 by brokering freight without brokerage authority (Sufka) and receiving freight from an entity that does not hold brokerage authority (Wanle).

44. In both instances, Wanle and Sufka have violated MAP-21 by engaging in unlicensed brokerage activity (Sufka) or assisting in unlicensed brokerage by accepting freight from a non-broker (Wanle). Both activities are prohibited by MAP-21.

45. 49 U.S.C. §14916(c) provides, "Any person who knowingly authorizes, consents to, or permits, directly or indirectly, either alone or in conjunction with any other person, a violation of subsection (a) is liable… (2) to the injured party for all valid claims incurred without regard to amount."

46. Additionally, 49 U.S.C. §14916(d) provides, "The liability for civil penalties and for claims under this section for unauthorized brokering shall apply, joint and severally- (1) to any corporate entity or partnership involved; and (2) to the individual officers, directors, and principals of such entities.

47. As such, the officers, directors, and principals of each entity are personally liable for the damages claimed herein and once identified through discovery, will be named as defendants herein.

WHEREFORE, Plaintiff, Spot Freight, Inc., by counsel, respectfully requests judgment against Defendants, Wanles Services LLC, Sufka Trucking LLC, and the individual officers, directors, and principals of each, in the principal sum of 156,952.98, jointly and severally, together with pre-judgment interest, post-judgment interest at the rate of 8%, and costs, together with all other just and appropriate relief.

# IV.

## **DECLARATORY JUDGMENT**
(Against Continental Casualty Company and Sompo International)

48. Spot incorporates Paragraphs 1 – 47 of the Complaint as if fully set forth herein.

49. Spot seeks a judicial declaration that, pursuant to the terms of Wanle's policy, Continental is obligated to provide full insurance coverage for the cargo claim, and to reimburse Spot on behalf of Wanle under the policy. See *Wilson v. Cont'l Cas. Co.*, 778 N.E.2d 849 (Ind. Ct. App. 2002).

50. For the reasons stated herein, there exists an actual controversy between Spot and Continental and the requested declaration of rights and obligations of the parties is necessary and appropriate so the parties can ascertain their respective rights, obligations, and duties under the policy.

51. Spot seeks a judicial declaration that, pursuant to the terms of Sufka's policy, Sompo is obligated to provide full insurance coverage for the cargo claim, and to reimburse Spot on behalf of Sufka under the policy. See *Wilson v. Cont'l Cas. Co.*, 778 N.E.2d 849 (Ind. Ct. App. 2002).

52. For the reasons stated herein, there exists an actual controversy between Spot and Sompo and the requested declaration of rights and obligations of the parties is necessary and appropriate so the parties can ascertain their respective rights, obligations, and duties under the policy.

Date: October 26, 2023                    Respectfully submitted,

                                                    ***/s/Megan K. Bolt***
Craig J. Helmreich #22220-49
Megan K. Bolt #31899-49
Helmreich Law LLC
10250 Landis Blvd.
Fishers, IN 46040
(317) 668-0943
craig@helmreichlaw.com
megan@helmreichlaw.com

Counsel for Plaintiff, Spot Freight, Inc.